*In re* G. H. HAMMOND CO.

1. Corporations—Taxation—State Has Power to Impose Privilege Tax on Corporations.

The State has power to impose on corporations organized under its laws an annual privilege tax, regardless of whether the corporation does any business within the State; it being in substance and effect a tax upon the privilege of being a corporation.

2. Same—Privilege Tax Properly Imposed on State Corporation Although Doing no Business Within State.

Under Act No. 85, Pub. Acts 1921, § 4, imposing an annual privilege tax on "every corporation organized or doing business under the laws of this State," a corporation organized under the laws of this State was properly required to pay said tax, although it has no property physically located within the State, conducts none of its business therein, and maintains its principal office in another State.

Certiorari to Corporation Tax Appeal Board. Submitted January 25, 1929. (Docket No. 139, Calendar No. 34,151.) Decided March 28, 1929. Rehearing denied June 20, 1929.

G. H. Hammond Company appealed to the corporation tax appeal board from a determination of the secretary of State of the amount of the privilege fee due the State. From an order sustaining the determination, plaintiff brings certiorari. Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Victor W. Klein,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Harry A. Metcalf,* Assistant Attorney General (*Alice E. Alexander,* of counsel), for appellee.

NORTH, C. J. The appellant is a Michigan corporation. Under Act No. 85, Pub. Acts 1921, as amended, it is required to pay the State an annual privilege fee. In computing this tax the secretary of State included the following items: Cash in banks (none in Michigan) $230,086.36; notes and accounts receivable $1,764,265.14; membership in Chicago Board of Trade $2,300; and deferred charges $54,076.87. The G. H. Hammond Company opposed this method of computing the amount it should pay on the ground that it has never conducted any of its business within the State of Michigan, that it does not own or use any tangible property physically located within this State, and that its main office is in Chicago, where it operates a large meat packing plant and carries on other business necessarily incident thereto. The plaintiff's contention as stated in its brief is:

"That, since the statute prescribes the tax upon corporations for and as one upon the privilege of exercising the corporate franchise and of doing business within this State, it cannot, by any proper rule of construction, apply to domestic corporations owning and using no property, conducting and transact-

ing no business of any nature whatsoever, in Michigan.

"That, even though the statute does apply, it cannot properly be construed so as to include in the computation of the tax the four items of intangibles, which were created and used exclusively in connection with business done and property located without the State, having a commercial and taxable situs in States other than Michigan."

It is also urged that the construction given the statute by the secretary of State works a discrimination against domestic corporations and renders the act unconstitutional as being in violation of the Fourteenth Amendment to the Federal Constitution. With one exception the questions here presented are disposed of by the decision handed down herewith in *Re Truscon Steel Co., ante,* 174. In that case the plaintiff maintained an office and conducted a small part of its business in this State; while in the instant case, the G. H. Hammond Company has no property physically located in Michigan, conducts none of its business in this State, and maintains its principal office in Illinois; although in accordance with the provision of the Michigan corporation act, it has designated a charter office in this State. It is the contention of the G. H. Hammond Company that the privilege tax cannot be imposed upon a domestic corporation unless it is doing business in Michigan; while it is asserted in behalf of the State that every corporation organized under the Michigan law must pay the privilege fee annually notwithstanding it does no business in Michigan, because it has (in the words of the statute) "the privilege of exercising its franchise and of transacting its business within this State;" and for that right or privilege the excise tax is imposed by the statute under which the appellant is incorporated.

It is apparent from the context of the statute itself that this provision was intended to apply to every corporation *organized* under the laws of this State. Section 4 of the act, in part, reads:

"Every corporation organized or doing business under the laws of this State * * * shall * * * for the privilege of exercising its franchise and of transacting its business within this State pay to the secretary of State an annual fee," etc.

Michigan has seen fit to adopt legislation by which the annual privilege fee is imposed upon a corporation organized under its laws regardless of whether the corporation does any business within the State. There can be no question but that the State is possessed of the power to impose such a tax upon its domestic corporations.

The question now before us is so squarely ruled by the decision in *Cream of Wheat Co.* v. *County of Grand Forks,* 253 U. S. 325 (40 Sup. Ct. 558), that we quote somewhat at length. The annual tax there sustained was imposed under the laws of North Dakota and was construed to be "in substance and effect * * * a tax upon the privilege of being a corporation." Justice Brandeis delivering the opinion of the court said:

"The Cream of Wheat Company was incorporated under the laws of North Dakota after the enactment of the tax legislation above described and it maintained throughout the years 1908 to 1914, both inclusive, a public office in the city of Grand Forks in said State for the transaction of its usual and corporate business. Its manufacturing, commercial and financial business was conducted wholly without the State; and it had not at any time during any of those years within the State either any tangible property real or personal or any papers by

which intangible property is customarily evidenced. Its property, as distinguished from its franchise, is alleged to have been taxed in States other than North Dakota.   *   *   *

"The company was confessedly domiciled in North Dakota; for it was incorporated under the laws of that State. As said by Mr. Chief Justice Taney, 'It must dwell in the place of its creation and cannot migrate to another sovereignty.' *Bank of Augusta* v. *Earle,* 13 Pet. (U. S.) 519, 588. The fact that its property and business were entirely in another State did not make it any the less subject to taxation in the State of its domicile. The limitation imposed by the Fourteenth Amendment is merely that a State may not tax a resident for property which has acquired a permanent situs beyond its boundaries.   *   *   *   The limitation upon the power of taxation does not apply even to tangible personal property without the State of the corporation's domicile if, like a sea-going vessel, the property has no permanent situs anywhere. *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63, 68 (32 Sup. Ct. 13). Nor has it any application to intangible property. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194 (26 Sup. Ct. 36); *Hawley* v. *Malden,* 232 U. S. 1, 11 (34 Sup. Ct. 201), even though the property is also taxable in another State by virtue of having acquired a 'business situs' there. *Fidelity & Columbia Trust Co.* v. *Louisville,* 245 U. S. 54, 59 (38 Sup. Ct. 40). As stated in that case: 'It is unnecessary to consider whether the distinction between a tax measured by certain property and a tax on that property could be invoked in a case like this. *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 146, 162 *et seq.* (31 Sup. Ct. 342). Whichever this tax technically may be, the authorities show that it must be sustained.' "

In their briefs, counsel for the appellant have presented excerpts from *Union Steam Pump Sales Co.*

v. *Secretary of State,* 216 Mich. 261, which they strenuously insist sustain their contention that under our statute this excise tax can not be imposed upon a corporation which is not doing business in Michigan. They also cited to that effect *In re Johnston-Newton Co.,* 226 Mich. 40, and *In re Detroit & Windsor Ferry Co.,* 232 Mich. 574. The question now under consideration was not raised in any of those cases. In each of them the corporation was admittedly doing business in Michigan, and the question of the application of this statute to a domestic corporation not doing business in Michigan was in no way involved. Much reliance is also placed by the appellant on the case of *People, ex rel. Lehigh, etc., R. Co.* v. *Sohmer,* 217 N. Y. 443 (112 N. E. 181). The importance of this authority is stressed on the ground that the New York corporation tax statute is "similar" to that of Michigan. For our present purpose, we do not find it at all similar, and in the lack of similarity is found the reason underlying the New York decision. The statute of that State imposes a privilege fee only upon those corporations *"doing business in"* New York. The Michigan statute provides that every corporation (1) organized, or (2) doing business under the laws of this State shall pay excise tax. The appellant falls under the first subdivision as a corporation "organized" under the laws of this State.

The determination of the secretary of State as approved by the ruling of the corporation tax appeal board is affirmed.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.