COBBS & MITCHELL *v.* CORPORATION TAX APPEAL BOARD.

1. CORPORATIONS—FEES REQUIRED OF CORPORATIONS RENEWING CORPORATE EXISTENCE.

Provision of Act No. 175, Pub. Acts 1929, that corporations extending or renewing their corporate existence shall be regarded as new corporations for purpose of payment of fees provided by said act, and shall be required to pay such fees before extension or renewal of corporate existence, does not exempt such corporations ·from paying fees required under section 4, Act No. 85, Pub. Acts 1921, at time of filing annual report with secretary of State, as required by section 5, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921, as amended by Act No. 72, Pub. Acts 1927, for privilege of exercising franchise and transacting business.

2. SAME—DISTINCTION BETWEEN FRANCHISE ''TO BE'' AND ''TO DO.''

Franchise fee imposed upon execution of articles of incorporation for purpose of renewing or extending corporate existence is to be paid by corporators, while franchise fee to do business as corporation is to be paid by corporation; there being distinction between franchise ''to be,'' and franchise ''to do.''

Certiorari to Corporation Tax Appeal Board. Submitted October 7, 1930. (Docket No. 21, Calendar No. 34,900.) Decided December 2, 1930.

Cobbs & Mitchell, Inc., a Michigan corporation, appealed to the corporation tax appeal board from the assessment of a privilege fee by the secretary of State. Plaintiff reviews order of affirmance by certiorari. Affirmed.

*Henry Miltner,* for plaintiff.

*Wilber M. Brucker,* Attorney General, and *Charles Rubiner,* Assistant Attorney General (*Alice E. Alexander,* of counsel), for defendant.

POTTER, J. Plaintiff was organized May 26, 1899. Its period of corporate existence was 30 years, ending May 26, 1929. It took the steps necessary to extend its corporate life for another 30 years. Its authorized capital stock shown by its articles of association executed to extend its corporate life was $1,000,000. August 29, 1929, the corporation filed its annual report showing the condition of its business as of May 26, 1929, the date of its reincorporation, showing capital stock $1,000,000 and surplus $94,855.62. Subsequently the corporation filed a report showing this condition as of December 31, 1928, when its capital stock was $1,000,000 and its surplus $101,582.97. Plaintiff claims it is entitled to be treated as a new corporation, and that it should only pay the fees required upon the organization of a new corporation. Defendant contends plaintiff should pay the annual franchise fee and the additional fees on the extension of its corporate life.

By Act No. 72, Pub. Acts 1927, plaintiff was obligated, in the month of July or August, to file a

report in duplicate with the secretary of State showing its condition at the close of business on the 31st day of December, or upon the date of the close of its fiscal year, next preceding. Every such corporation organized on or after January 1st and prior to August 31st of any one year should file a report in duplicate showing the condition of its business at the date of incorporation and pay a filing fee and a privilege fee of $10.

In *Ray Corporation* v. *Secretary of State,* 241 Mich. 457, a franchise fee was sought to be imposed upon an extension of corporate life. It was held such franchise fee could not be exacted, and the secretary of State was directed to receive and file the evidence of plaintiff's extension of corporate existence without exacting any franchise fee. Act No. 175, Pub. Acts 1929, was then passed, which provides:

"All corporations whose terms of corporate existence shall have expired, or shall be about to expire by limitation, and who shall seek to extend or renew such corporate existence, in accordance with law, shall be regarded as new corporations for the purpose of the payment of the fees provided by this act, and shall be required to pay such fees before the extension or renewal of such corporate existence."

We think the intention of the legislature, by this statutory amendment, was to compel corporations extending or renewing their corporate existence in accordance with law to pay the fees provided by the act before the extension or renewal of such corporate existence, and that this must necessarily be limited to the payment of such fees as a new corporation just organizing would be compelled to pay; but that this would not exempt the corporation from paying the fees which it was required to pay under

the provisions of section 4, Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [4]), as amended by Act No. 140, Pub. Acts 1927, at the time of filing its annual report with the secretary of State as required by section 5, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [173]), for the privilege of exercising its franchise and of transacting its business within the State.

The effect of Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [1] *et seq.*), and of Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1] *et seq.*), as amended, when construed together, is to compel a corporation extending its corporate existence to pay a franchise fee to be a corporation as well as a franchise fee for transacting its business in the State as a corporation. As pointed out in *Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich. 261, 272:

"There is a distinction and a well recognized one between the franchise to be a corporation and the franchise to do business as a corporation. One is the franchise 'to be,' the other the franchise 'to do.' One belongs to the corporators, the other to the corporation."

The franchise fee imposed upon the corporators upon the execution of their articles of association for the purpose of extending or renewing corporate existence is to be paid by them. The franchise fee to do business as a corporation is to be paid by the corporation. We think the corporation tax appeal board arrived at a correct conclusion, and its order is affirmed.

Wiest, C. J., and Butzel, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.