MICHIGAN *v.* MICHIGAN TRUST CO., RECEIVER.

No. 598.   Argued April 19, 1932.—Decided May 16, 1932.

*Mr. Edward A. Bilitzke,* Assistant Attorney General of Michigan, with whom *Mr. Paul W. Voorhies,* Attorney General, was on the brief, for petitioner.

336

*Mr. Benjamin P. Merrick* for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

A petition by the People of the State of Michigan that a receiver appointed by a federal court be directed to pay out of the moneys in his hands corporate franchise taxes due or claimed to be due to the People of the State was granted by the District Court, and denied by the Court of Appeals. 52 F. (2d) 842. The case is here on certiorari.

At the suit of a simple contract creditor, a receiver of the property of the Worden Grocer Company, a Michigan corporation, engaged in business at its domicile, was appointed by a Federal District Court in Michigan on February 9, 1926. The bill of complaint alleged that the defendant was solvent, and that if its business was handled by a receiver free from interference by its creditors, it would be able to pay its debts in full and would have a surplus available for preferred and common stockholders. On the same day the directors of the defendant adopted a resolution consenting to the receivership; and an answer admitting the allegations of the bill of com-

plaint and consenting to the relief prayed for was filed forthwith. Thereupon, and still on the same day, the court made an order appointing the Michigan Trust Company receiver of the defendant and of all its assets with authority " to carry on the business now carried on by the Worden Grocer Company, and to operate and manage its property and business in such manner as will, in the judgment of said Receiver, produce the most satisfactory results." To that end authority was granted " to pay the current and unpaid payrolls of said defendant; to incur such obligations and indebtedness, . . . the same to be prior to the present unsecured obligation " of the defendant, . . . " as to the Receiver may seem necessary for continuance of the business," and in particular " to pay all taxes and assessments levied upon the property and assets of said company," as well as all rentals accrued or to accrue thereafter.

The receiver so appointed carried on the business thus committed to its charge. It continued to do this till December 30, 1929, when the court made an order confirming a sale of all the mercantile assets, as a result of which sale there was paid to the common creditors a dividend of 25%. Cash and unsold real estate are still in the receiver's custody.

In February, 1930, the People of the State filed in the District Court a petition that the receiver be directed to pay the corporate taxes or privilege fees for the years 1925 to 1929 inclusive, amounting in the aggregate to $10,988.36. The liability of the receiver in respect of such fees or taxes is the subject of this controversy. The District Court held that they were charges upon the assets prior to the claims of creditors in that they were expenses necessarily incurred by the receiver in fulfilling the duty to operate the business. The Court of Appeals held that they were liabilities due to the People of the State, but liabilities not to be discharged until the claims

of all other creditors as well as the expense of the receivership had been satisfied in full.

By a statute of Michigan enacted in 1923 (Act No. 233, Public Acts 1923, § 4), "every corporation organized or doing business under the laws of this state, excepting those hereinafter expressly exempted therefrom, shall, at the time of filing its annual report with the secretary of state of this state, as required by Section 7 hereof, for the privilege of exercising its franchise and of transacting its business within this state, pay to the secretary of state, an annual fee of two and one-half mills upon each dollar of its paid-up capital and surplus, but such privilege fee shall in no case be less than ten dollars nor more than fifty thousand dollars."

There were amendments of the statute in 1927 and 1929 (Act No. 140, Public Acts 1927; Act No. 175, Public Acts 1929), but their significance in relation to this controversy is not important enough to make it necessary to quote them.

The tax is laid upon the corporation " for the privilege of exercising its franchise and of transacting its business within this state." Whether a corporation does exercise its franchise or transact its business within the meaning of a statute so framed when it does business through a receiver is a subject on which much subtle argument has been expended by state and federal courts. Distinctions have been drawn between receivers appointed to carry on the business of a corporation with a view to the continuance of its corporate life, and receivers appointed in aid of the dissolution of the corporation or the liquidation of its business. See e. g., *Collector of Taxes* v. *Railway*, 234 Mass. 336; 125 N. E. 614; *Ohio* v. *Harris*, 229 Fed. 892, 901. Other distinctions have been drawn between taxes on a franchise to exist as a corporation and a franchise for transacting business, or, as many of the cases put it, between a franchise to " be " and a franchise to " do."

See *e. g., Cobbs & Mitchell* v. *Tax Appeal Board,* 252 Mich. 478, 481; 233 N. W. 386. Even where the tax is on a franchise to " do," there is wide diversity of judgment. The wording of some statutes has been read by some courts as importing the doing of business in the usual course by agents and officers appointed in the usual way. *United States* v. *Whitridge,* 231 U. S. 144, 149. Wording only slightly different has been thought by other courts to include the operations of a business conducted by receivers. *Central Trust Co.* v. *N. Y. C. & N. R. Co.,* 110 N. Y. 250; 18 N. E. 92; *N. Y. Terminal Co.* v. *Gaus,* 204 N. Y. 512; 98 N. E. 11; *Re U. S. Car Co.,* 60 N. J. Eq. 514; 43 Atl. 673; *Armstrong* v. *Emmerson,* 300 Ill. 54; 132 N. E. 768; *People* v. *Hopkins,* 18 F. (2d) 731. Other wording not unlike has been held to import the imposition of a burden on the mere privilege to " do," though no business was in fact transacted by the directors or by any one (*In re G. H. Hammond Co.,* 246 Mich. 179; 224 N. W. 655; *New York* v. *Jersawit,* 263 U. S. 493, 495), a construction whereby the tax on the privilege to do becomes closely assimilated, in respect of domestic corporations, to one on the privilege to be. *In re G. H. Hammond Co., supra.*

We are not required to choose from these diversities the construction that would appeal to us as the most consonant with reason if choice were wholly free. Choice, as it happens, is not free, for our task is to ascertain the meaning of a Michigan statute, and as to that the courts of the State, if they have spoken, pronounce the final word. The decision of the Supreme Court of Michigan in *Re Detroit Properties Corporation,* 254 Mich. 523; 236 N. W. 850, is a controlling adjudication as to the meaning and application of the privilege fee exacted of Michigan corporations. The court held that the tax was imposed upon the privilege to " do "; that this privilege existed though nothing was ever done; that the order appointing

a receiver to continue the business did not divest the privilege; that the only effect of such an order was to nominate the person who was to exercise the "powers belonging to the corporation by legislative grant;" and hence that within the meaning of the statute the corporation retained a "privilege of exercising its franchise and of transacting its business," for which a tax was due. Cf. *Central Trust Co. v. N. Y. C. & N. R. Co.*, *supra*; *Ohio v. Harris*, *supra*; *People v. Hopkins*, *supra*; *In re G. H. Hammond Co.*, *supra*. The significance of this decision is not avoided by the suggestion that the court in determining the application of the tax was guided by general principles as to the effect of a receivership, and not by any provision expressly covering receiverships in the body of the statute. This does not detract from the quality of the judgment as an expression of the local law. Problems of statutory construction do not arise unless the meaning of a statute is obscure or uncertain in its relation to a set of facts, and obscurities or uncertainties thus arising are not susceptible of settlement unless the words of the statute are read in a setting of common law implications, a background of common law doctrine, giving meaning and perspective to a vague and imperfect outline. *Ward v. Erie R. Co.*, 230 N. Y. 230, 234; 129 N. E. 886; *Murray v. Chicago & N. W. Ry. Co.*, 62 Fed. 24, 31; *United States v. Wong Kim Ark*, 169 U. S. 649, 654; *Rice v. Railroad Co.*, 1 Black 358, 374, 375. The Supreme Court of Michigan in deciding the *Detroit Properties* case had to make answer to the question whether the legislature of the State in imposing a tax upon the privilege of exercising a franchise intended to reach a situation where the business of the corporation was conducted through the arm of a receiver. The tax, if there was any, could have no origin independent of the provisions of the statute, and any decision upholding or annulling it is one involving inescapably a construction of the statute. Cf. *New York v.

344

*Jersawit,* 263 U. S. 493, 495; *Mason* v. *United States,* 260 U. S. 545, 555, 556; *Quong Ham Wah Co.* v. *Industrial Comm.,* 255 U. S. 445, 448; *Poe* v. *Seaborn,* 282 U. S. 101, 110.

We hold, therefore, in submission to the local law, that the corporation, the Worden Grocer Company, was still subject to the tax though it was in the hands of a receiver. The decision of the court below apparently concedes as much, but maintains that the tax must be paid by the corporation and not by the receiver, with the result that the State is subordinated to all the other creditors. We find no warrant for the discrimination either in the provisions of any statute or in any principle of equity governing the distribution of a fund in the hands of a receiver. On the contrary, statute and doctrine point the other way.

Viewing the receivership in its true light as one, not to wind up the corporation, but to foster the assets, we think the annual taxes accruing while the receiver was in charge must be deemed expenses of administration and therefore charges to be satisfied in preference to the claims of general creditors. They are so treated in the order by which the receiver was appointed. By the order the receiver is directed in continuing the business to pay taxes and rentals and any other expenses necessary to enable the business to go on, and to give such payments priority over other debts and obligations. These privilege fees were charges of the nature there described. Taxes owing to the Government, whether due at the beginning of a receivership or subsequently accruing, are the price that business has to pay for protection and security. *Coy* v. *Title Guarantee & Trust Co.,* 220 Fed. 90, 92. The privilege fees, being taxes, were expenses of administration within the very terms of the order, but in addition they were taxes of such a kind that the corporation by failing to pay them became subject, if the State so elected, to a forfeiture of its franchise. Act No. 172, Public Acts

1923, § 7; cf. *Turner* v. *Western Hydro-Electric Co.*, 241 Mich. 6; 216 N. W. 476. The receiver was under a duty to pay them when they accrued, and having failed to fulfill that duty then, it should be compelled to pay them now. The decisions as to this are persuasive and uniform. *Coy* v. *Title Guarantee & Trust Co., supra; Bright* v. *Arkansas*, 249 Fed. 950; *McFarland* v. *Hurley*, 286 Fed. 365; *People* v. *Hopkins*, 18 F. (2d) 731, 733; cf. *In re Tyler*, 149 U. S. 164, 182.

If the receivership were to be viewed as equivalent to one for the liquidation of the business, the result would not be different, and this for the reason, without considering any other, that it was not such a receivership when the suit was instituted. It was then, as we have pointed out, a receivership for the conservation of the assets of a corporation believed to be completely solvent. If it ever lost its original quality and became a winding up receivership, the change was not earlier than the sale of the mercantile assets in the latter part of 1929. Claims of the State for taxes then accrued, instead of being postponed to those of other creditors, are entitled to a preference by the provisions of the local law. Sections 15315 and 15362, Compiled Laws of Michigan.

This court has had occasion to point out the abuses that can arise from friendly receiverships forestalling the normal process of administration in bankruptcy and enabling a tottering business to continue while creditors are held at bay, *Harkin* v. *Brundage*, 276 U. S. 36, 52, 54; cf. *Kingsport Press* v. *Brief English Systems*, 54 F. (2d) 497, 499, 500. Receiverships for conservation have at times a legitimate function, but they are to be watched with jealous eyes lest their function be perverted. For four years the business of this corporation was carried on in Michigan by a chancery receiver in the hope that winding up and dissolution would thereby be averted. There should be no shift of the theory of the suit in these, its

346

expiring moments. To protect through a receiver the enjoyment of the corporate privilege and then to use the appointment as a barrier to the collection of the tax that should accompany enjoyment would be an injustice to the State and a reproach to equity.

A word in conclusion should be said as to *United States* v. *Whitridge, supra.* The court held in that case that a corporation operating through a receiver is not subject to a federal tax imposed as an excise on the actual doing of business and to be measured by its fruits. The tax in controversy is a State tax, and is laid not on the doing of business, but on the mere privilege to do it. The State decision as to its meaning would control in case of conflict, but conflict there is none.

The decree of the Circuit Court of Appeals should be reversed and that of the District Court affirmed.

*Reversed.*

MR. JUSTICE MCREYNOLDS is of opinion that the decree of the Circuit Court of Appeals should be affirmed.