## HOWE v. ATLANTIC, PACIFIC & GULF OIL CO. et al. (STATE OF MISSOURI et al., Interveners).

### No. 1811.

District Court, W. D. Missouri, W. D.

May 4, 1933.

Nelson E. Johnson, of Kansas City, Mo., receiver for Atlantic, Pacific & Gulf Oil Co., in pro. per.

Roy McKittrick, Atty. Gen., and Charles M. Howell, Jr., of Kansas City, Mo., for intervener State of Missouri.

George Kingsley, City Counselor, and John J. Cosgrove, Asst. City Counselor, both of Kansas City, Mo., for intervener Kansas City.

REEVES, District Judge.

This is a claim by the state for a tax alleged to have accrued under article 2, chapter 41 (sections 7793–7824), R. S. Mo. 1929 (Mo. St. Ann. art. 2, c. 41, §§ 7793–7824), relating to the subject of "Motor Vehicle Fuel Tax," and particularly under sections 7795 and 7796 thereof (Mo. St. Ann. §§ 7795, 7796); these sections provide, in substance, that distributors and dealers shall "pay to the state treasurer an amount equal to two (2c) cents for each gallon of motor vehicle fuels sold or distributed by such dealer in this state."

The receiver, under orders of the court, has been operating the business of his trust, and in the conduct of such business has sold considerable quantities of motor vehicle fuels. If the receiver is liable, the amount of such liability would be a considerable sum.

It is vigorously contended by the state that the receiver is liable for such tax, and the receiver insists with equal earnestness that there is no such liability.

At the outset, I am admonished, in the case of In re Tyler, Petitioner, 149 U. S. page

164, local citation 187, 13 S. Ct. 785, 791, 37 L. Ed. 689, that: "It makes it the imperative duty of the court to recognize as paramount, and enforce with promptness and vigor, the just claims of the authorities for the prescribed contributions to state and municipal revenue. * * * The courts of the United States have always recognized the importance of leaving the powers of the state in respect to taxation unimpaired."

█ The general law of receiverships and taxation is such that the appointment of a receiver does not destroy the entity of a corporation, nor withdraw its property otherwise taxable from the power of assessment and taxation. Coy v. Title Guarantee & Trust Co. (D. C.) 212 F. 520. This would include, of course, its tangible and intangible assets. Intangible properties are ordinarily made up of the franchises or privileges of the corporation; these were taxable before the appointment of a receiver and would in like manner be subject to taxation after the appointment of a receiver.

█ In the case at bar, the tax is imposed upon the sale of "motor vehicle fuels." This is not a franchise, and therefore is not property. It was interpreted by the Supreme Court in Flint v. Stone Tracy Co., 220 U. S. 107, loc. cit. 145, 31 S. Ct. 342, 347, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, as an excise tax on the doing of business. The court said: "It is therefore apparent, giving all the words of the statute effect, that the tax is imposed not upon the franchises of the corporation, irrespective of their use in business, nor upon the property of the corporation, but upon the doing of corporate * * * business, and with respect to the carrying on thereof." The court in the Flint Case had under consideration a corporation tax law whereby an excise tax of 1 per cent. was imposed upon the entire net income above $5,000.

█ It must be conceded that the tax in this case is not imposed upon the consumer of motor vehicle fuels, but imposed upon the dealer and distributor. This construction was made by Judge Faris of the Eastern District of Missouri, in Central Transfer Co. v. Commercial Oil Co. et al., 45 F.(2d) 400, 401. This was a three-judge court provided for under the judiciary act where the constitutional validity of a state statute was drawn in question.

Assuming, therefore, as I must, that the tax is imposed upon "the doing of business," the next question in logical sequence would be to ascertain whether or not a receiver would be liable for the payment of the tax

accruing on account of his transactions under orders of the court. The Supreme Court, in United States v. Whitridge, 231 U. S. 144, 34 S. Ct. 24, 25, 58 L. Ed. 159, answered the question. The court had under observation the Federal Corporation Tax Law (36 Stat. 112, § 38), which requires that corporations "shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation * * * equivalent to one per centum upon the entire net income." As in this case, the receiver was called upon to pay such excise tax. The court said: "A reference to the language of the act is sufficient to show that it does not in terms impose a tax upon corporate property or franchises as such, nor upon the income arising from the conduct of business unless it be carried on by the corporation. Nor does it in terms impose any duty upon the receivers of corporations or of corporate property, with respect to paying taxes upon the income arising from their management of the corporate assets, or with respect to making any return of such income. * * * In the present cases, the receivers were authorized and required to manage and operate the railroads, and to discharge the public obligations of the corporations in this behalf. But they did this as officers of the court, and subject to the orders of the court; not as officers of the respective corporations, nor with the advantages that inhere in corporate organization as such. The possession and control of the receivers constituted, on the contrary, an ouster of corporate management and control, with the accompanying advantages and privileges."

█ Taxing statutes are to be construed strictly against the state and in favor of the taxpayer. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211. The reason for this rule is apparent, as the citizen is helpless, and therefore has a right to demand that if the Legislature intends to tax him, it shall say so in clear and unmistakable terms. Converse v. Northern Pac. Ry. (C. C. A.) 2 F. (2d) 959, loc. cit. 960: "It is the unbroken rule of the federal courts that no property is subject to taxation unless the legislative intent to tax it is clearly made manifest."

█ In the case at bar, the tax was imposed upon distributors and dealers, and these are defined to be persons or corporations who engage "in the business in this state of distributing or selling motor vehicle fuels within the state." A receiver is not a person or a corporation engaged in business within the purview of said statute. In the case of Mich-

igan v. Michigan Trust Company, 286 U. S. 334, 52 S. Ct. 512, 76 L. Ed. 1136, Mr. Justice Cardozo, speaking for the court, differentiated between a franchise tax and an excise tax on doing business. The following language, found at page 346 of 286 U. S., 52 S. Ct. 512, 515, clarifies the issues presented here: "A word in conclusion should be said as to United States v. Whitridge, supra. The court held in that case that a corporation operating through a receiver is not subject to a federal tax imposed as an excise on the actual doing of business and to be measured by its fruits. The tax in controversy is a state tax, and is laid not on the doing of business, but on the mere privilege to do it. The state decision as to its meaning would control in case of conflict, but conflict there is none."

In this case, nothing has been withdrawn from taxation. On the contrary, the receiver would be liable for taxes imposed upon the physical and intangible properties of his corporate entity.

▪ Under the common law the property in the hands of a receiver was not subject to a tax. The liability for a tax, therefore, must be authorized by statute or judicial decision. Neither by statute nor judicial decision is a receiver made subject to an excise tax on his transactions in connection with the management and conservation of his trust. It would follow that the claim must be disallowed. This does not apply to taxes accruing prior to receivership.

The receiver, or his counsel, will prepare a proper order.

Kansas City, Mo., has also presented a claim against the receiver, based upon ordinances quite similar to the statutes of the state. It is provided by such ordinances that "every person, firm or corporation shall * * * pay to the Commissioner of Licenses a sum equal to one cent for each gallon of gasoline, benzine, or naphtha so sold, transported or stored by such person, firm or corporation." And another section provided for keeping records "of all sales of gasoline, etc."

The same contention is made by the city as made by the state. Moreover, identical authorities are invoked. Much reliance is placed upon the case of Liberty Cent. Trust Co. v. Gilliland Oil Co. (D. C.) 279 F. 432, and the same case on appeal styled McFarland v. Hurley (C. C. A.) 286 F. 365. These were the "Severance Tax Cases." The state of Louisiana required that a tax of 2 per cent. per gallon should be paid upon oils taken out of the ground. This tax is not limited to dealers and distributors or to persons, firms, or corporations, but is a general tax, applicable to all persons, firms, or corporations who might take oil out of the ground. It is not a tax on the doing of business. As its name implies, it is a severance tax. As the state yields up its resources, it claims a tax on the product.

All the cases cited by the city have been examined, and each one either provides for a tax upon the property drawn into the receivership of a physical nature or intangible property, such as franchises. Some of the cases cited and relied upon refer to collections made by the dealer from the consumer or purchaser upon whom the tax was imposed. These, of course, are inapplicable. In no instance have I been able to find a case changing the rule announced in the Whitridge Case, supra. On the contrary, the courts, where called upon to do so, have carefully differentiated the Whitridge Case.

▪ It should be borne in mind that under the common law, property in the hands of a receiver was not taxable, or, rather, as stated in 61 C. J. § 195, p. 216, property in custodia legis is taxable only upon statutory authorization. The national government and the states have departed from the common-law principles to the extent that the property drawn into a receivership, whether tangible or intangible, is subject to taxation. But, to warrant the imposition of a tax upon the transactions of a receiver, it will require a clear and unmistakable purpose of a legislative enactment or an authoritative and unequivocal pronouncement from the courts. We have neither of these at the present time.

Accordingly, the claim of the city for all alleged taxes accruing on the sale of gasoline during the receivership will be denied.

The receiver, or his counsel, will prepare a proper order.