MEMORANDUM
ADKINS, J.
This is a suit by a judgment creditor of defendant corporation praying for dissolution. It is filed under section 794 of the Code and sets forth all of the grounds of dissolution therein mentioned. The bill prays for the appointment of a receiver.
The bill recites that one Pinkett filed equity suit No. 53391 against the defendant Insurance Company; that in that case this court appointed, first, temporary receivers, and then permanent receivers of the Insurance Company.
At the argument counsel stipulated orally that I might *143 consider as before me the entire record in the Pinkett case.
. From that record it appears that on August 31, 1933, this court directed the receivers to liquidate the affairs of the defendant Insurance Company and to distribute its assets.
The, petition in the present case avers that this court had no jurisdiction as presented by the bill in Equity No. 53391, and prays that the receivers appointed in that case be enjoined from administering the affairs of the corporation, and that receivers be appointed in this case and directed to take possession of the property of the corporation. The receivers appointed in the Pinkett case move to dismiss the bill and intervening petitions filed herein.
First. In my opinion this court had jurisdiction to proceed in Equity No. 53391.
I think the bill stated a cause of action.
See Michigan v. Michigan Trust Co., 286 U.S. 334, 345. Masters v. Hartman, 45 App. D.C. 253, 259. See also the elaborate note in 43 A.L.R. 242.
If the bill did not state a cause of action that objection should have been taken in limine; otherwise it was waived. See Wigginton v. Auburn Wagon Co., 33 F. (2d) 499, and cases cited.
Second. In my opinion a proceeding for statutory dissolution under section 794 of the Code does not deprive the court of the jurisdiction which had attached in Equity No. 53391.
In that case receivers had been appointed and the court had acquired jurisdiction of all the property and affairs of the corporation in the District, and had entered a decree directing that the business of the corporation be liquidated.
I have read with care the decisions cited by counsel for plaintiff. They were efforts by state courts to oust receivers theretofore appointed in Federal courts, and in none of these cases had the Federal courts proceeded to the point of ordering the liquidation of the corporation’s affairs. I do not think they are controlling here.
*144 It seems to me that it is not within the jurisdiction of this court to now interfere with what has been done in the Pinkett case, particularly when the same relief is asked in this ease.
If the distribution of the corporation’s assets were the only relief asked I would sustain the motion to dismiss.
Third. In my opinion the court has jurisdiction on the present bill to dissolve the defendant corporation.
The parties admit that in Equity No. 53391 the court may not legally dissolve the corporation.
The statute on which this suit is based authorizes proceedings to be instituted when the corporation has remained insolvent for a year, or for that period has neglected to pay its notes, or suspended its ordinary or lawful business.
Defendant’s counsel argue that this section is not intended to apply in the present case because the defendant’s inability to pay its notes has been due to the existing receivership.
The decisions hold that the fact that the corporation’s conduct is involuntary does not make the statute inapplicable.
See 14a C.J. 1121, citing Hart v. Boston, etc. Co., 40 Conn. 524; Shellabarger Mill Co. v. Willing, 81 Ill. Apps. 30.
I hold that this court has power to dissolve the corporation but not to interfere with the liquidation now proceeding in the other case. For this reason I overrule the motions to dismiss.