**In re FLATBUSH GUM CO., Inc.**

**PEOPLE OF STATE OF NEW YORK v. ARNOLD.**

**No. 41.**

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1934.

John J. Bennett, Jr., Atty. Gen., of New York, Henry Epstein, Sol. Gen., of New York City, and Robert P. Beyer, Asst. Atty. Gen., for the People of the State of New York.

Harold H. Levin, of New York City (Harold H. Levin and Louis W. Arnold, Jr., both of New York City, of counsel), for trustee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Flatbush Gum Company, Inc., was adjudicated a bankrupt in the District Court for the Eastern District of New York. A receiver was duly appointed who, pursuant to an order of the court, sold the bankrupt's tangible personal property at auction. The business was not continued by the receiver, and the sale was an essential step in liquidation. After it was made, the state of New York demanded that the receiver file a return and pay a tax claimed to be imposed by the New York State Sales Tax Law. This demand was not complied with, and later the trustee in bankruptcy filed a petition in the District Court for the purpose of obtaining an order in the bankruptcy proceedings barring the tax claim on the ground that the sale made by the receiver was not taxable under the state law. The District Court, holding that the sale was not covered by the statute and doubting the validity of a state sales tax imposed upon a sale in liquidation by a receiver in bankruptcy, ordered the claim barred and the state appealed.

The pertinent provisions of the New York State Tax Law (Consol. Laws, c. 60) provide:

"§ 390. *Definitions.* When used in this article: (a) The word 'person' includes an individual, copartnership, society, association, joint stock company, corporation and any combination of individuals. * * *

"§ 391. *Imposition of tax.* For the privilege of selling tangible personal property at retail in this state, * * * every person shall pay a tax of one per centum upon the receipts therefrom. * * * For the purpose of the proper administration of this article and to prevent evasion of the tax hereby imposed it shall be presumed that all receipts are subject to the tax until the contrary is established."

While the scope of the statute as construed by the New York Court of Appeals would be binding upon us (People of State of Michigan v. Michigan Trust Co., 286 U. S. 334, 52 S. Ct. 512, 76 L. Ed. 1136), in the absence of such a decision it becomes our duty to determine whether the statute imposes a tax upon such a sale as the one made by this receiver.

Were the language used in section 391 to be taken to impose a tax upon every sale at retail and a "sale at retail" to be any sale of tangible personal property not for the purpose of resale by the purchaser, every such sale in New York by order of a federal court would be subjected to a state tax; and the rather baffling question of what is, or what is not, the imposition of a state tax upon an instrumentality of the government of the United States would be an issue. That question, however, need not be decided. The statute imposes the duty to make a return and pay the tax upon every "person" who sells tangible personal property at retail. And in section 390 of the statute the Legislature took care to declare that "person" meant more than one who acts solely in his capacity as an individual. In so doing it included in the same category with an individual a "copartnership, society, association, joint stock company, corporation and any combination of individuals." Its failure to include a receiver in this enumeration was, we think, highly significant, and indicates an intention to permit such sales to be made by a receiver tax free. Indeed, the tax being laid upon "the privilege of selling," being imposed upon "every person," and person being defined as above indicated, it is clear that a taxable sale is but the exercise of the privilege of selling by a person within the statutory definition. An intention to tax retail sales made by receivers must be indicated by words which may reasonably be accepted to disclose it before courts may construe the statute to mean that for the coverage of taxing acts it is not to be extended by implication. Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 S. Ct. 223, 66 L. Ed. 391; Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211. Moreover, the issue here is closely analogous to that presented by the first question considered in Reinecke v. Gardner, 277 U. S. 239, 48 S. Ct. 472, 473, 72 L. Ed. 866. It was there held that the failure of Congress to use language clearly extending the ex-

cess profits tax of the 1917 Revenue Act (40 Stat. 300) to "executors, receivers, trustees or persons acting in a fiduciary capacity" was a failure to tax a trustee in bankruptcy of a corporation who actually carried on the business of the corporation even though the corporation would have been subject to the tax had it been itself conducting its business. The principle that taxation by implication is not favored controls this appeal and leads us to the conclusion that the statute does not reach the sale made by this receiver. See United States v. Whitridge, 231 U. S. 144, 34 S. Ct. 24, 58 L. Ed. 159; Scott v. Western Pacific R. Co. (C. C. A.) 246 F. 545.

Affirmed.