## In re BUSH TERMINAL CO.
### No. 27150.

District Court, E. D. New York.
Jan. 17, 1935.

Sullivan & Cromwell, William E. Nuessle, and William M. Chadbourne, all of New York City, for answers.

Maurice Smith, of New York City, for debtor.

Root, Clark, Buckner & Ballantine, of New York City (by Cloyd Laporte, of New York City), for trustees.

Maurice Smith, of New York City, for debtor.

Hill, Lockwood & Redfield, of New York City (by Lowell M. Birrell, of New York City), for Bush and common stockholders.

Theodore E. Larson, of New York City, for Dunn and committee, etc.

William M. Chadbourne, of New York City, for creditors.

Sullivan & Cromwell, of New York City (by A. H. Dean, of New York City), for committee.

Mitchell, Taylor, Capron & Marsh, of New York City (by J. B. Marsh, of New York City), for City Bank, etc.

Hawkins, Delafield & Longfellow, of New York City (by R. E. Lee, of New York City), for Hawkins, First Mortgage Bond Holding Committee.

White & Case, of New York City (by G. Pantaleoni, Jr., of New York City), for Bush Terminal Buildings, etc.

Fred L. Gross, of Brooklyn, N. Y., for Title Guaranty & Trust Co.

INCH, District Judge.

While three answers have been filed to the voluntary petition of the debtor, the hearing was a single one and one opinion will suffice. Section 77B (a) of the act, 11 USCA § 207 (a).

On November 16, 1934, the debtor, then in possession of equity receivers, duly filed its voluntary petition pursuant to section 77B of the Bankruptcy Act, 11 USCA § 207. The following day, November 17, 1934, the court duly appointed temporary trustees and they took possession and notice was directed to be given of a hearing to be held on December 14, 1934, to determine whether the temporary trustees should be made permanent trustees or the proceeding terminated and the property returned to the equity receivership.

On the return day of the motion above mentioned these answers were filed to this voluntary petition of the debtor. The an-

swers are similar in form and raise the same issue.

The Prudential Insurance Company of America, George W. Helme Company, and the Guaranty Trust Company of New York by their answers allege that the Prudential Company is the owner of $1,000,000 principal amount of the Consolidated Mortgage 5 per cent. Gold bonds of the debtor; that the Helme Company is the owner of $75,000 of the principal amount of the same sort of mortgage bonds; and that the Guaranty Trust Company is a trustee and, as such trustee, owns $5,000 of the principal amount of such mortgage bonds.

The answer of the Coal Tar Product Company, William G. Creamer & Co., John R. Holland International Business Machines Corporation, and Prospect Iron Works, Inc., alleges that they are creditors of the debtor, the coal company having a claim of $79, the Creamer Company one for $136, Holland Company a claim for $387, the International one for $351, while the Prospect has a claim for $124, none of these claims being secured.

The third and last answer, that of E. A. Potter, Jr., Percy H. Johnston, and Caleb Stone, alleges that they are a duly authorized committee for the holders of the Consolidated Mortgage bonds.

Each of these answers, by a denial, raise the issue of the sufficiency of the allegations of the voluntary petition, specifically referring to paragraph VIII of said petition which is as follows: "VIII. Petitioner files this petition in good faith believing that a reorganization is in the best interest of the preservation of its assets and good will and of the rights of its security holders and creditors and that such reorganization can only be effected—in fairness to all interested parties—through a proceeding under the provisions of Section 77B of the Bankruptcy Act hereinabove referred to and that the filing thereof by it is in the best interest of all concerned."

Aside therefore from the claims of the small creditors mentioned, the others represent secured debts, and a committee for such security holders.

If this were a bankruptcy proceeding, the filing of a voluntary petition would result in immediate adjudication and I am not aware of any provision for answers in such case. However, in view of the different character of this proceeding under the amendment, the right exists for certain creditors and stockholders to "appear and controvert the facts alleged in the petition." Section 77B (a).

While it is doubtful whether these answers, as filed, comply with the requirements as to those who may so attack the petition, it seems to me that such and other preliminary objections need not be dwelt upon in view of the sufficiency of the petition.

The debtor is a large and important business corporation. In addition to the allegations in said paragraph VIII, the balance sheet, annexed to and made a part of the petition, as of September 30, 1934, sets forth the extensive character of its business. This petition therefore shows, directly or by fair inference, that it possesses important assets of various kinds including real estate, warehouses, steamship piers, etc., of great value. That it has heavy liabilities. That in spite of the financial difficulties which have come upon it there is substantial reason for believing that, with a fair and equitable plan of reorganization, there will be large and substantial equities. The petition is that of the debtor, and under such circumstances a debtor is plainly justified in appealing to this court for a reasonable chance to present, or have presented, a fair and equitable plan of reorganization under section 77B.

The primary purpose of section 77B is the rehabilitation not destruction of the debtor.

This being so, a voluntary petition is sufficient which sets forth a situation which reasonably would justify the court in receiving the petition and allowing the debtor an opportunity to proceed in accordance with the law and present within a reasonable time, some plan.

However, this does not mean that even a debtor can avail itself of the broad and additional jurisdiction, granted to such proceedings by the amendment, for a purpose other than such presentation, within a reasonable time, of a plan for reorganization.

This debtor was, at the time of the filing of the petition, in the hands of equity receivers. It had been so for a considerable period. Nor can such creditors' suit become a long drawn out and indefinite affair. Michigan v. Michigan Trust Co., 286 U. S. 334–345, 52 S. Ct. 512, 76 L. Ed. 1136; Shapiro v. Wilgus, 287 U. S. 348–356, 53 S. Ct. 142, 77 L. Ed. 355, 85 A. L. R. 128. Even the usual bankruptcy might be found, after all, to be applicable. Yet

these two last-mentioned remedies are prompted for the relief of creditors rather than of a defendant or a bankrupt and neither of them primarily seek the rehabilitation of the debtor. Thus Congress had in mind that this remedy should be afforded, under section 77B, for a reasonable time, to a distressed corporation debtor. Section 77B (c) (8) of the act, 11 USCA § 207 (c) (8). Naturally this obstructs the usual progress of diligent creditors seeking the other remedies, particularly those creditors having dominant liens. To some extent this may indicate the reason for the answers herein filed.

Accordingly, an opportunity should be given to this debtor to proceed with reasonable promptness to present, or have presented to the court, for its approval, a plan of reorganization duly accepted by creditors and stockholders, in accordance with the law.

At this time the court cannot fix any such reasonable time as it is apparent, from the size and importance of the business, the various guarantees and stock manipulations, the interests of important subsidiary corporations, and the possible reluctance on the part of various interests to "give and take" which is necessary and by which alone they may rehabilitate this debtor, that, at the present time, no such time limit can be properly claimed or approximated.

However, this much is clear, that, as I have above indicated, these proceedings cannot indefinitely remain in this court either under section 77B or by way of a creditor's bill or even in a bankruptcy.

There will have to be a termination of injunctions and court procedure in regard to the property and the rights of all concerned.

It is therefore incumbent upon this debtor and creditors to attempt in good faith, with reasonable speed, to present an acceptable plan.

The temporary trustees will be and are made permanent trustees.

Other matters, now incidentally mentioned, will be heard and disposed of from time to time by the court.

If it becomes reasonably apparent, after a sufficient time, that no such plan can be presented, then it will be the duty of this court, on due notice, to dismiss the petition and relegate the debtor to such other procedure as may be found to be most applicable for a termination of the contro-versy in this court. Judgment in favor of petitioner, as I find the material allegations of the petition have been sufficiently proved.

As to the motion as to whether permanent trustees should be appointed, I have already indicated that under these circumstances, above recited, the present temporary trustees should be and are appointed permanent trustees and the property, etc., of the debtor will remain in their possession pending the presentation, etc., of an acceptable plan of reorganization and until further order of this court.