### PEOPLE OF THE STATE OF NEW YORK v. IRVING TRUST CO.

### No. 178.

Circuit Court of Appeals, Second Circuit.

Jan. 11, 1937.

John J. Bennett, Jr., Atty. Gen. (Robert P. Beyer, of New York City, of counsel), for the People of State of New York.

Burnstine, Geist & Netter, of New York City, Manuel Maxwell and George E. Netter, both of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This is an appeal by the State of New York from an order in equity disallowing its claim for franchise taxes against a receiver. On February 4, 1932, a conservation bill of the usual form was filed against the defendant, Amalgamated Laundries, Inc., a New York corporation, and a receiver was appointed, who was made permanent on February 27th. He continued to conduct the corporate business until July 15th, when he sold the assets under a decree, for a consideration partly in cash and partly in a purchase-money mortgage taken in his own name, which was all paid by March 26, 1934. The State asserts a claim for corporate franchise taxes assessed for the two years beginning November 1, 1932, and 1933, on the theory that during those years the receiver made use of the defendant's franchise, reserving it, so to speak, for possible use in case he had to take back the property on foreclosure. This the judge denied, and the State appealed.

The underlying principle in such cases is stated by Cardozo, J., in Michigan v. Michigan Trust Co., 286 U.S. 334, 344, 52 S.Ct. 512, 515, 76 L.Ed. 1136, as follows: "Taxes owing to the government, whether due at the beginning of a receivership or subsequently accruing, are the price that business has to pay for protection and security." These words were spoken of taxes upon a franchise "to do," rather than "to be"; but for our purpose it makes no difference which the tax at bar may be. The defendant had ceased to be of any importance to the creditors; the receiver had no further use for it and nothing more to do than distribute the proceeds of the sale. If the mortgage had been taken in the corporation's name, perhaps it would have been proper to treat the franchise taxes as an expense of continued admin-

istration until the mortgage was paid. Upon a foreclosure the mortgagee might become the purchaser and it would·be necessary to pay the franchise taxes that had meanwhile accrued if it was to do any business with the re-acquired assets. But the receiver was himself the mortgagee, and it is incredible that he should have had the defendant take title if he had had to foreclose. The defendant would still be liable for the debts; the sale did not discharge them; nothing could do so but bankruptcy. The corporation had become a worthless derelict, in whose preservation the creditors could have no possible interest.

Order affirmed.