*In re* RITE-WAY TOOL & MANUFACTURING COMPANY.

CITY OF DETROIT *v.* BARNES.

1. RECEIVERS—PRIORITY OF LIENS—TAXATION—CHATTEL MORTGAGES.
Property tax liens are prior and superior to the rights of chattel mortgagees in insolvent estate of receivership (CL 1948, §§ 211.40, 211.107; Detroit Charter, title 6, ch 4, §§ 1, 26).

2. SAME—EXPENSES OF ADMINISTRATION—PAYMENT OF TAXES.
Payment of taxes which were assessed against property then held by receiver was a duty of the receiver and such payment was a proper expense of administration of the receivership.

3. SAME—TAXATION—PRIOR LIENS.
Taxes which have accumulated while receivership developed from a merely protective into a winding-up process must be paid in preference to claims of creditors even such as may have had liens against the property existing previous to imposition of liens for taxes (CL 1948, §§ 211.40, 211.107; Detroit Charter, title 6, ch 4, §§ 1, 26).

4. SAME—DISTRIBUTION OF PROCEEDS—PRIORITY—EXPENSES—TAXES—FEES—CHATTEL MORTGAGES—GENERAL CREDITORS—PARTNERSHIP.
Funds received from liquidation of assets of an insolvent partnership estate in hands of receiver, including chattel mortgaged property, should be devoted (1) to payment of costs of administration including taxes assessed against property during receivership and fees of the receiver and his attorney as fixed by the court; then toward payment of (2) the chattel mortgages; (3) claims of general creditors; and (4) balance, if any, to the partners (CL 1948, §§ 211.40, 211.107; Detroit Charter, title 6, ch 4, §§ 1, 26).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4]   45 Am Jur, Receivers § 409 *et seq.*

Appeal from Wayne; Toms (Robert M.), J. Submitted January 17, 1952. (Docket No. 88, Calendar No. 45,246.) Decided May 16, 1952.

James T. Barnes was appointed receiver of Rite-Way Tool & Manufacturing Company. City of Detroit filed claim for taxes. Order of distribution entered stating priority of classes of claims. City of Detroit appeals. Modified and remanded.

*Paul T. Dwyer,* Acting Corporation Counsel, and *Alfred S. Stolinski,* Assistant Corporation Counsel, for City of Detroit.

*O'Brien & Nertney,* for receiver.

NORTH, C. J. The factual background and controversies presented by the instant case are stated by the trial judge as follows:

"On August 15, 1946, an order was entered in the above cause appointing a receiver for the Rite-Way Tool & Manufacturing Company. In 1948 and 1949 the city of Detroit levied personal property taxes on the assets of the company which, with accumulated interest now amount to $3,612.15. At the time of the order appointing the receiver, nearly all of the physical assets of the company were subject to 2 chattel mortgages which were in default. On November 14, 1949, the receiver petitioned the court for authority to sell the machinery covered by the chattel mortgages and to apply the proceeds of the sale to the mortgage debt. With the consent of the mortgagees an order was entered granting the petition and the gradual liquidation of the machinery has been progressing since the date of the order (November 14, 1949), with the proceeds being applied to the chattel mortgage indebtedness. (However the receiver retained possession of sufficient funds for

payment of taxes.) The question now before the court is whether or not the personal property taxes for 1948 and 1949 take precedence over the chattel mortgages which were executed and recorded 2 or 3 years before the taxes became due."

The prayer of the voluntary petition was for a receiver to continue the business. It was so carried on for more than 3 years when the court finally authorized the receiver to proceed to liquidate the assets of the receivership. Subsequent to a court order authorizing the receiver to sell property of the receivership, incident to such liquidation, on July 12, 1951, the trial judge in the pending receivership proceedings entered an order of distribution to be followed by the receiver, which in part read:

"The order of distribution of the proceeds derived from said sales of the assets covered by said chattel mortgages should be as follows:

"1st. Satisfaction of the secured debts of the 2 chattel mortgages.

"Then any surplus in the hands of the receiver, from sales of said mortgaged machinery, after satisfaction of said mortgages as aforesaid, together with any other cash proceeds in the hands of said receiver, should, in the order of distribution, be disbursed as follows:

"2d. Costs and disbursements of the receiver.

"3d. Fees of the receiver and his attorney.

"4th. Taxes.

"5th. General creditors.

"6th. Balance, if any, to the partners."

Among other powers conferred upon the receiver incident to his appointment were the following: "That said receiver be and hereby is authorized * * * to conduct the business of said copartnership so as to keep the manufacture of work under order as nearly as possible in accordance with the ordinary conduct of the business of the copartner-

ship. * * * It is further ordered that said receiver be, and he is hereby authorized in his discretion from time to time, out of the funds coming into his hands, to pay the expense of executing his said trust and *to pay all taxes* and assessments upon said property and business." The city's amended petition, filed July 7, 1950, that the receiver show cause why he should not pay the taxes here involved and interest accrued thereon, sets forth, and it does not appear in the record to be denied, "That the city of Detroit, a municipal corporation of the State of Michigan, levied taxes upon the personal property of said LeRoy Thomas and Sidney Beach, a copartnership doing business as Rite-Way Tool & Manufacturing Company, *which is* [and was] *under control of and in the possession of said receiver,* for the year 1948 * * * and for the year 1949." From this it appears that the taxes in suit were assessed pending the receivership and during the period that the business was being carried on by the receiver, and were a charge against the receivership and the receiver as such.

Admittedly the receivership estate is insolvent and payment in full will not be possible of all such claims as have priority over general creditors. From the circuit court's order of distribution the city of Detroit and its treasurer have appealed. Appellants contend that the unpaid taxes, which in this case were assessed as charges against the receivership, were "expense of administration," and should have priority of payment by the receiver over the unpaid chattel mortgage liens. In this connection it may be noted that the order appointing the receiver authorized him to pay taxes.

Section 1, chapter 4, title 6 of the charter of the city of Detroit, provides:

"All city taxes shall be due and payable on the fifteenth day of July in each year, and on that date shall become a lien on the property taxed."

And section 26 of the same chapter and title, in part, provides:

"All city taxes upon personal property shall become on said fifteenth day of July a lien thereon and so remain until paid, and no transfer of the personal property assessed shall operate to divest or destroy such lien."

CL 1948, § 211.40 (Stat Ann 1950 Rev § 7.81), of the general property tax act, provides:

"The taxes thus assessed shall become at once a debt due to the township, city, village and county from the persons to whom they are assessed. * * * And all personal taxes hereafter levied or assessed shall also be a first lien, prior, superior and paramount, on all personal property of such persons so assessed from and after the first day of December in each year for State, county, village or township taxes or upon such day as may be heretofore or hereafter provided by charter of a city or village, and so remain until paid, which said tax liens shall take precedence over all other claims, encumbrances and liens upon said personal property whatsoever, whether created by chattel mortgage, title retaining contract * * * and whether such liens, claims and encumbrances created by chattel mortgage, title retaining contract * * * become effective prior to the effective date of this act or subsequent thereto, and no transfer of personal property assessed for taxes thereon shall operate to divest or destroy such lien, except where such personal property is actually sold in the regular course of retail trade."

CL 1948, § 211.107 (Stat Ann 1950 Rev § 7.161), being included in the general tax law of this State, provides:

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters."

In view of the noted statutory and charter provisions, it seems too clear for argument that in the instant case the tax liens are prior and superior to the rights of the chattel mortgagees. In consequence, we deem it unnecessary to cite many judicial holdings to the same effect.

"Not only is it competent for the State to charge property with a lien for the taxes imposed thereon, but the legislature may, if it shall deem it proper or necessary to do so, make the lien a first claim on the property, with precedence of all other claims and liens whatsoever, whether created by judgment, mortgage, execution, or otherwise, and whether arising before or after the assessment of the tax. * * * This statutory priority generally extends to prior mortgage liens so as to subordinate such liens to tax liens. So the priority may be given to liens for a personal property tax." 3 Cooley on Taxation (4th ed), § 1240.

Further, our consideration of this appeal brings the conclusion that in the instant case wherein the taxes involved were assessed after the inception of the receivership and while it was being conducted as a going business, and such taxes were assessed against the receivership as such, payment thereof was a duty of the receiver and such payment was a proper expense of administration of the receivership. *Bailey* v. *Bailey,* 262 Mich 215, 222; *Michigan* v. *Michigan Trust Co.,* 286 US 334 (52 S Ct 512, 76 L ed 1136).

In the *Bailey Case* a paragraph of the headnotes reads: "Payments by receiver of summer hotel property out of profits of operation for fire insurance, taxes, and satisfaction of title-retaining contracts

on fixtures and equipment covered by mortgage on hotel property, *held,* properly given priority as expenses of preserving and protecting property;" and in the body of the opinion we said: "Acts of a receiver in preserving and protecting property are discussed in 1 Clark on Receivers (2d ed), § 378. Payments for fire insurance and of taxes were properly so classed."

And in the *Michigan Trust Company Case* the United States supreme court, in passing upon Michigan law, held (syllabus):

"The tax (*i.e.,* a corporation privilege tax) should be paid by the receiver as it accrues, as part of the expense of administration; and where this was deferred until the receivership developed from a merely protective into a winding up process, the accumulated taxes must be paid in preference to the claims of creditors."

In justification of the determination of the trial court as to the proper order of distribution, both the circuit judge and appellee rely heavily, and almost solely, on *In re Dissolution of Ever Krisp Food Products Co.,* 307 Mich 182. That case is not controlling of decision in the case at bar because there is a controlling factual difference in this respect: In the instant case the city taxes were assessed while the receivership was in progress as a going concern and *against the receivership;* whereas in the cited case the tax was *not* assessed against the receivership but instead against the owner of the property. Under such circumstances the receiver was not duty bound to collect from the property owner the assessed tax for the taxing authorities, or to pay the tax. But, in the instant case the obligation to pay the tax was that of the receiver as such; whereas in the *Ever Krisp Case* the legal obligation to pay the tax was that of the property owner. The assessed

tax had not become a lien on the property when its possession was taken over by the receiver from the owner in the *Ever Krisp Case*. Hence, as stated in our opinion in that case: "The receiver did not take the property burdened with a city tax lien for the 1940 city taxes." But on the contrary, in the instant case, as above noted, the taxes were assessed against the receivership. They became a lien on the taxed property which was assessed while in the receiver's control; and it thereupon became his legal duty as receiver to pay these taxes for the protection of the property rights of the respective parties whom he represented, including the chattel mortgagees. Our opinion in the *Ever Krisp Case* does not hold that a tax, assessed against the personal property of a receivership engaged in carrying on its business, cannot become a lien on such property during the administration of the receivership estate.

We are not in accord with appellee's assertion: "This question (now before this Court) is answered with finality in the *Ever Krisp Case,* as relied upon and quoted in the opinion of the lower court." To so hold would be entirely inconsistent with the plain statement of Mr. Justice Boyles, who wrote the opinion for the Court in the *Ever Krisp Case,* as follows: "Under the statute law of this State, an *ad valorem* personal tax lien now takes precedence over any prior mortgage liens (section 40, general property tax law, as amended by PA 1934 [1st Ex Sess], No 38)."

We conclude that the order of distribution by the receiver entered in the circuit court should be modified and made to provide as follows:

(1) There being no controversy on this appeal as to priority of payment of the items given first priority, the receiver should first apply funds received from liquidation of the receivership assets (including the chattel mortgaged property) in payment of

the costs of administration of the receivership, including taxes herein involved, and the fees of the receiver and his attorney as fixed by the court; and thereafter in the following order apply receivership funds in his hands in payment of (2) the chattel mortgages; (3) claims of general creditors; and (4) the balance of such funds, if any, to the partners.

An order in accordance with the above will be entered in this Court and the case remanded to the circuit court for further proceedings therein. Appellants may have taxable costs of this Court against the receivership.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.