### In re CONTINENTAL CANDY CO.

### CLAIM OF PEOPLE OF STATE OF NEW YORK.

(District Court, S. D. New York. February 9, 1923.)

**Taxation ⊜⇒124½—Trustee in bankruptcy, carrying on corporation's business, not subject to franchise tax on right to exist as corporation.**

Trustee in bankruptcy of New York corporation, in conducting business transferred to him, does so as individual, and does not exercise franchise to exist as corporation, and is not subject to franchise tax thereon, and such tax, if leviable, must be levied against bankrupt and borne by it.

In Bankruptcy. In the matter of the Continental Candy Company, bankrupt. On claim by the People of the State of New York. Order reversed, and claim expunged.

Wilbur L. Ball, of New York City, for trustee.
Thomas J. Cuff, of New York City, for claimant.

LEARNED HAND, District Judge. The single question presented by this petition is whether a trustee in bankruptcy of a New York corporation is subject to the franchise tax to exist as a corporation assessed against the bankrupt, during the period when he is conducting the business transferred to him by operation of law. As the question is res integra, I may dispose of it on principle. So considered, there seems to me no doubt how it should go. The trustee conducts the business as an individual; under the act the title is transferred to him absolutely,

as much as though there had been a voluntary conveyance. It is agreed that a grantee would have to pay no franchise tax. If so, on what theory can a trustee be compelled to do so? All his rights he derives from his title; he makes his own contracts, sues in his own name, transacts everything as an individual. He requires no privilege from the state of New York for anything he does, but operates like any other individual, subject to all its laws which affect individuals, but to none which do not.

I need not consider the question of whether a receiver, either in bankruptcy or in equity, would be liable to such a tax. Assuming that this is so, it is because a receiver has no title, only possession. He speaks in the right of the corporation, of which he is in some sense an attorney in fact. Even in suits it is perhaps a mistake that we do not adhere to the more correct method of using the name of the corporation suing by its receiver. There may be possessory suits which he might bring in his own name—that is, if his own possession were disturbed—but those are an exception. His rights, generally speaking, are all those with which the corporation is still vested, and, without the corporation's right to exist as such, he could not assert them.

Admitting that such a receiver is liable for a tax on the franchise to be a corporation, even he is not liable for an excise tax "with respect to carrying on or doing business by such corporation." U. S. v. Whitridge, 231 U. S. 144, 34 Sup. Ct. 24, 58 L. Ed. 159. The courts have distinguished between the franchise to exist and that to exercise the corporate rights. In Re Ajax Dress Co., decided by A. N. Hand, J., December 7, 1922, not reported (order affirmed 290 Fed. 950). The receiver is not liable to the second. While he may be liable to the first, it is for the reasons given.

I do not, of course, mean that the franchise tax is not still leviable, though a trustee be appointed; but the levy must be against the bankrupt, and the bankrupt must bear it. If there were a composition, no doubt the assets would become liable again when returned. The question here is whether the tax is a charge upon them in the trustee's hands. Why he who requires nothing of the corporation's franchise should be required to acknowledge a claim against his assets for a right of which he makes no use I do not see. The tax, being levied on the corporation, must be collected from it, just as perhaps it should be when there is a receiver who chances to be in possession of those assets and in enjoyment of the franchise.

Order reversed, and claim expunged.