In the Matter of the General Assignment for the Benefit of Creditors of HEILBRON, WOLFF & CO., INC., to LEWIS H. SAPER, Appellant.

DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Respondent.

First Department, June 1, 1928.

*I. Akselrod* of counsel [*E. Fichandler* with him on the brief; *Zalkin & Cohen*, attorneys], for the appellant.

*Robert P. Beyer, Deputy Assistant Attorney-General*, of counsel [*Albert Ottinger, Attorney-General*], for the respondent.

PROSKAUER, J. On April 28, 1926, Heilbron, Wolff & Co., Inc., a domestic corporation, made an assignment for the benefit of its creditors to Lewis H. Saper. Approximately six months there-

after, under date of November 15, 1926, the Department of Taxation and Finance of the State of New York, under the provisions of section 219-a of the Tax Law, audited and stated the account of the corporation and computed its franchise tax for the year beginning November 1, 1926, and ending October 31, 1927, at the sum of $625.82. By other provisions of article 9-A of the Tax Law, this tax became payable either thirty days after notice of the assessment was sent to the corporation, or in any event before the first day of the following January.

The court at Special Term has made an order directing the assignee to pay this tax as one of the expenses of administration. The order is unwarranted. The assignee was not conducting the business of the corporation or enjoying the use of its franchise. By section 14 of the Debtor and Creditor Law it was his duty to collect and reduce to money the property of the estate under the direction of the court and not to conduct the business of the corporation.

The franchise did not pass to him by the assignment. A corporation cannot transfer its franchise to be a corporation, except as specifically permitted by statute. (2 Fletcher Cyclopedia Corporations, § 1224, and cases there cited; *Lothrop Publishing Co.* v. *Lothrop, etc., Co.*, 191 Mass. 353, 355.) " An assignment by a corporation for the benefit of creditors does not pass to the assignee the corporate franchise." (5 C. J. 1179.) " The assignment, therefore, if valid, does not operate as a transfer of the corporate franchises." (*DeRuyter* v. *St. Peter's Church*, 3 N. Y. 238, 242.) All that passed to the assignee for the benefit of creditors was such property as was assignable. (5 C. J. 1176.) The assignee thus became the legal owner of the corporation's transferable assets, charged with the trust obligation to reduce them to cash and distribute them among the creditors. He did not own the corporate franchise and could make no use of it. Therefore, the tax for its enjoyment was factually not an expense incident to the administration of his trust. The corporation itself remained liable for the tax.

The respondent relies upon authorities which hold that the receiver of a corporation may be required to pay the franchise tax. (*Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250; *New York Trust Co.* v. *Island Oil & Transport Co.*, 7 F. [2d] 416.) The receiver, however, was not vested with the assets of the corporation. He was conducting the business of the corporation as such. This distinction is clearly established in *Matter of Continental Candy Co.* (291 Fed. 773) which holds that the State may not collect the franchise tax from a trustee in bankruptcy. LEARNED

HAND, D. J., writes: " I do not, of course, mean that the franchise tax is not still leviable, though a trustee be appointed; but the levy must be against the bankrupt, and the bankrupt must bear it. If there were a composition, no doubt the assets would become liable again when returned. The question here is whether the tax is a charge upon them in the trustee's hands. Why he who requires nothing of the corporation's franchise should be required to acknowledge a claim against his assets for a right of which he makes no use I do not see."

This principle is affirmed and even extended in *Matter of Century Silk Mills* (12 F. [2d] 292).

The order appealed from directs that the assignee file the report required to be made by the Tax Law as a basis for the computation of the tax for the year beginning November 1, 1927, and ending October 31, 1928. For the reasons heretofore stated, no such duty rests upon the assignee.

The order, so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH and MCAVOY, JJ., concur; MERRELL, J., dissents and votes for affirmance.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.