KANSAS CITY, MO., v. JOHNSON et al.
No. 9856.

Circuit Court of Appeals, Eighth Circuit.
March 30, 1934.

Rehearing Denied May 5, 1934.

George Kingsley, City Counselor, and John J. Cosgrove, Asst. City Counselor, both of Kansas City, Mo. (Robert B. Caldwell, of Kansas City, Mo., on the brief), for appellant.

Nelson E. Johnson, of Kansas City, Mo., per se.

Before GARDNER and WOODROUGH, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge.

Kansas City, Mo., filed an intervening petition in the receivership proceedings of the Atlantic, Pacific & Gulf Oil Company, a corporation, asking that the receiver of said corporation appointed by the federal court be required to pay a gasoline tax of 1 per cent per gallon upon each gallon of gasoline sold by him as receiver, as required by the revised ordinances of the city for 1928, sections 3a to 3e of chapter 20.

The material allegations are not in dispute. The receiver admits selling gasoline but denies liability upon the grounds that the city cannot impose a tax upon the doing of business by a federal receiver, and because the ordinance imposing the tax is not broad enough in its terms to include a receiver. Two issues of law are thus raised; first, can the city impose the 1 cent per gallon tax upon gasoline sold by a federal receiver, and, second, are the ordinances involved broad enough to include a receiver. The trial court denied the petition of the intervener, and the case is here on appeal.

On December 21, 1931, the District Court upon the petition of a simple contract creditor appointed a receiver of this oil company. The petition alleged that the oil company was solvent, but that it was embarrassed for lack of ready cash and because general conditions made it impossible for it to dispose of its property. The proceeding was a friendly one; the oil company admitting the allegations of the petition. The receiver was appointed, not for the purpose of liquidation, but for the purpose of continuing the business of the company without annoying litigation and to prevent the sacrifice of its assets. He was directed in the order of appointment to operate the business of the oil company as a going concern along the same lines that the company had been operated, and "to pay all taxes and assessments and other like charges on the property or business of the defendants."

The applicable part of the ordinance involved here provides:

"Sec. 3a: Every person, firm or corporation engaged in the business of selling or offering for sale gasoline * * * shall procure a license therefor.

"Sec. 3b: Every person, firm or corporation engaged in the business described in the foregoing section shall * * * pay to the Commissioner of Licenses a sum equal to one cent for each gallon of gasoline * * * so sold."

The validity of this ordinance was upheld by the Supreme Court of Missouri in Viquesney v. City of Kansas City, 305 Mo. 488, 266 S. W. 700, the court holding that the tax was an occupation or excise tax. The court

did not hold, however, that the ordinance was broad enough to include a receiver.

Federal receivers authorized to conduct and carry on the business of a corporation as a going concern as such are not exempt from the payment of taxes legally assessed and levied against them by city ordinance or state laws. The Supreme Court of the United States in Michigan v. Michigan Trust Company, Receiver, 286 U. S. 334, loc. cit. 346, 52 S. Ct. 512, 515, 76 L. Ed. 1136, speaking through Mr. Justice Cardozo, said:

"To protect through a receiver the enjoyment of the corporate privilege and then to use the appointment as a barrier to the collection of the tax that should accompany enjoyment would be an injustice to the state and a reproach to equity."

Bright et al. v. State of Arkansas (C. C. A.) 249 F. 950; Coy v. Title Guarantee & Trust Co. et al. (C. C. A.) 220 F. 90, L. R. A. 1915E, 211; McFarland v. Hurley et al. (C. C. A.) 286 F. 365.

The remaining question to be decided is: Are the terms of the ordinance broad enough to include a receiver operating the business of an oil company as a going concern?

Able counsel on both sides have cited many cases making nice distinctions as to whether statutes construed levy a tax on a franchise to exist as a corporation, or a franchise for transacting business. The subtle arguments expended in these cases need not be reviewed here. If the ordinance involved is broad enough to include a receiver, then he should be required to pay the tax whether it be on a franchise to exist as a corporation or a franchise for the transaction of business.

If the Supreme Court of Missouri had construed this statute as to whether it included receivers or not, its holding would be binding here. Michigan v. Michigan Trust Company, Receiver, supra. In the absence of a decision of the Supreme Court of Missouri construing the ordinance in this respect it becomes the duty of this court to determine whether its terms are broad enough to include a receiver.

Statutes levying a gasoline tax at so much per gallon have been enacted and held valid in practically every state. The wording in these laws in some cases fixed a tax to be paid by the consumer and collected by the distributor, in others they provide that the tax shall be paid by the distributor. These are distinctions without a difference, because in all cases the tax must ultimately be paid by the consumer. The purpose of such statutes is to tax the gasoline handled and sold within the particular state.

The ordinance here involved is all comprehensive. It says "Every person, firm or corporation," shall pay the tax. The fair intendment of the ordinance was to include all persons. That term is broad enough to include this receiver. A construction of this ordinance which would permit the receiver to avoid the payment of the 1 cent city and 2 cents state tax would give him such an unconscionable and inequitable advantage over his competitors as to render such a construction unreasonable. The ordinance is broad enough to include this receiver. Liberty Central Trust Company et al. v. Gilliland Oil Company (D. C.) 279 F. 432; Michigan v. Michigan Trust Company, Receiver, supra; Coy v. Title Guarantee & Trust Company (D. C.) 212 F. 520.

The assignments of error are sufficient to present the issues of law involved. Coats v. Barton (C. C. A.) 25 F.(2d) 813, 814.

The case is reversed with directions to order the receiver to pay the taxes upon gasoline already sold and to make proper reports as to future sales.