## THOMPSON v. STATE OF ARKANSAS.*

### Nos. 11102, 11121.

Circuit Court of Appeals, Eighth Circuit.

July 18, 1938.

James M. Chaney, of St. Louis, Mo., for appellant.

Virgil D. Willis, of Harrison, Ark. (Jack Holt, Atty. Gen., of State of Arkansas, on the brief), for appellee.

*Rehearing denied Aug. 25, 1938.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal taken from the decree of the District Court for the Eastern District of Missouri allowing a claim of the State of Arkansas against the estate of the debtor railroad corporation in reorganization under the provisions of Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205.

The debtor, the Missouri Pacific Railroad Company, prior to its adjudication as a debtor under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, was engaged in the railroad business in Arkansas and other states, and owned property in Arkansas. Effective July 1, 1933, the trustee took possession of all the debtor's property and has continued to operate the railway since that time. The tax for which this claim is made is the so-called franchise tax of Arkansas for the year 1936. The amount is undisputed. The Arkansas statute, Section 9802, Castle's Supplement to Crawford & Moses' Digest, 1927, requires every foreign corporation doing business in the state to make an annual report to the Arkansas Railroad Commission. Section 9803 describes the contents required to be included in the report. Section 9804 provides that the Railroad Commission shall determine the amount of the tax and report the same to the State Auditor, who in turn certifies it to the Treasurer of the State.

No question is raised as to the regularity of the proceedings taken to levy the tax. The state has moved to dismiss the appeal, but the motion is without merit and is denied.

On the merits of the appeal, the trustee's contentions are similar to those asserted in Thompson, Trustee, etc. v. The State of Louisiana, 8 Cir., 98 F.2d 108, the opinion in which has just been filed. The Arkansas statute involved is somewhat broader than the statute of Louisiana. Crawford & Moses' Digest, Section 9809, provides that if a trustee appointed by any court carries on the business of the corporation, the tax must be paid, so that under the specific provisions of the Arkansas statute the trustee here became liable.

On the authority of Thompson, Trustee, etc., v. The State of Louisiana, the decree appealed from is affirmed.