## In re FONDA, J. & G. R. CO.

## ZIMMER v. NEW YORK STATE TAX COMMISSION.

### No. 172.

Circuit Court of Appeals, Second Circuit.

March 10, 1942.

See, also, 126 F.2d 606.

Maider & Maider, of Gloversville, N. Y. (Wesley H. Maider and Lydon F. Maider, both of Gloversville, N. Y., of counsel), for appellant-trustee.

John J. Bennett, Jr., Atty. Gen. of New York (Henry Epstein, Sol. Gen., and Timothy F. Cohan and Edward J. Grogan, Jr., Asst. Attys. Gen., of counsel), for appellee New York State Tax Commission.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying a motion by Judson Zimmer, trustee of Fonda, Johnstown & Gloversville Railroad Company (a New York corporation), appointed in a proceeding brought by the Railroad Company under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, for its reorganization. The motion was to expunge and dismiss certain claims which had been filed in the proceeding by the State of New York to recover franchise taxes imposed under Sections 183 and 184 of the New York Tax Law.

Section 183 reads as follows: "For the privilege of exercising its corporate franchise or of holding property in this state every domestic corporation * * * formed for or principally engaged in the conduct of * * * railroad * * * business * * * shall pay, in advance, an annual tax to be computed upon the basis of the amount of its capital stock within this state during the preceding year, and upon each dollar of such amount. * * *"

---

[5] Section 5(*l*) was added to the Federal Trade Commission Act by § 3 of the Act of March 21, 1938, c. 49, 52 Stat. 111.

The amount of the tax specified under Section 183 is a minimum of not less than $10 nor less than one mill on each dollar of the net value of the issued capital stock which shall have a minimum value of not less than $5 per share.

Section 184 provides for an "Additional franchise tax" and reads as follows: "Every corporation * * * formed for or principally engaged in the conduct of * * * surface railroad * * * business * * * shall pay for the privilege of exercising its corporate franchise or carrying on its business in such corporate or organized capacity in this state, an excise tax or license fee which shall be equal to five-tenths of one per centum upon its gross earnings from all sources within this state * * *."

The petition for reorganization was filed April 20, 1933, and on the same day an order was made approving the petition, appointing a trustee and directing that the latter operate the business and to that end "exercise the authority and franchises and discharge all public duties obligatory upon the Debtor."

The New York State Tax Commission claimed that taxes which had accrued and been assessed under Sections 183 and 184 of the Tax Law since June 18, 1934, should be paid by the trustee as proper expenses of administration. These taxes were allowed because of the terms of an Act of Congress that went into effect June 18, 1934, 28 U.S.C.A. § 124a, which provides: "That any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after the enactment of this Act [June 18, 1934], be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation: Provided, however, That nothing in this Act [section] contained shall be construed to prohibit or prejudice the collection of any such taxes which accrued prior to the approval of this Act [June 18, 1934], in the event that the United States court having final jurisdiction of the subject matter under existing law should adjudge and decide that the imposition of such taxes was a valid exercise of the taxing power by the State or States, or by the civil subdivisions of the State or States imposing the same."

The court below ordered that the taxes which had been assessed under Sections 183 and 184 should be paid as expenses of administration pursuant to the Act of June 18, 1934. While the matter is not free from doubt, the decisions of the Supreme Court in People of State of Michigan v. Michigan Trust Co., 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136; Boteler v. Ingels, 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78; and Palmer v. Webster & Atlas Nat. Bank, 312 U.S. 156, 163, 61 S.Ct. 542, 85 L.Ed. 642, seem to indicate that franchise taxes imposed upon a corporation both for doing business and for being a corporation are proper charges against either a receiver or a trustee at least unless the trustee be *only one in dissolution of the company.* In the last two decisions cited, the Act of June 18, 1934, was discussed and held to cover even a trustee in ordinary bankruptcy. Justice Black writing for the court in Boteler v. Ingels, 308 U.S. at page 60, 60 S.Ct. at page 31, 84 L.Ed. 78, not only said that the Act of June 18, 1934, required payment of certain franchise taxes by a trustee but also made the following observation: "We need not determine whether, without legislation such as the 1934 Act, the fact that a local business in bankruptcy is operated by a bankruptcy trustee makes the business immune from state laws and valid measures for their enforcement. Clearly, means of permitting such immunity from local laws will not be read into the Bankruptcy Act. At any rate, Congress has here with vigor and clarity declared that a trustee and other court appointees who operate businesses must do so subject to State taxes 'the same as if such business(es) were conducted by an individual or corporation.'"

Before the enactment of June 18, 1934, a distinction was drawn between a receiver appointed in a suit in equity for conservation of assets and a trustee in ordinary bankruptcy in respect to liability for payment of franchise taxes on the ground that such a receiver was operating the business as a representative of the corporation and had no title to the assets. In re Century Silk Mills, D.C.N.Y., 12 F. 2d 292; In re Continental Candy Co., D. C.N.Y., 291 F. 773. If this distinction may be regarded as still generally sound in spite of the caveat suggested by Justice Black at the beginning of the lines we have quoted from Boteler v. Ingels, supra, there

is such a close resemblance between a reorganization proceeding instituted under Section 77 and a chancery receivership for the conservation of assets that it seems unlikely that the mere vesting of title in a trustee under Section 77 is enough to relieve the assets in his hands from the payment of franchise taxes. The purpose of each mode of administering the assets is to retain the franchises for rehabilitation of the corporate organization and business rather than finally to wind up the enterprise. It seems to us that the New York rule enunciated in Central Trust Co. v. New York C. & N. R. R. Co., 110 N.Y. 250, 18 N.E. 92, 1 L.R.A. 260, which sanctions payment by an equity receiver of franchise taxes accruing during his administration of the estate, equally applies to a trustee in a proceeding under Section 77 for a reorganization. Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108. In either case the proceeding is to conserve assets and restore the status in quo and it should not matter whether the result is to be achieved through a receiver, a trustee in reorganization or a debtor acting as a fiduciary without any trustee. The decision of the Appellate Division in Matter of Heilbron, Wolff & Co., 224 App.Div. 14, 229 N.Y.S. 325, holding that an assignee for the benefit of creditors not authorized to conduct the business was not liable for franchise taxes is not contrary to the view we are taking. His duties were to liquidate and not to conserve and rehabilitate.

In any event, under the view taken by the Supreme Court in Boteler v. Ingels, 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78, the Act of June 18, 1934, seems to be conclusive. It was applied by the Court of Appeals of the Third Circuit in Re Pressed Steel Car Co., 100 F.2d 147, 151, to justify the payment of certain franchise taxes of a New Jersey corporation which were ordered paid by a trustee under Section 77B. The decisions in Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108, and Thompson v. State of Arkansas, 8 Cir., 98 F.2d 112, are to the same effect.

The New York Legislature passed an Act effective May 6, 1935, whereby "any receiver, liquidator, referee, trustee, assignee, or other fiduciary or officer or agent appointed by any court, who conducts the business of any corporation, * * * shall be subject to the tax imposed by this article in the same manner and to the same extent as if the business were conducted by the agents or officers of such corporation * * *." N.Y.Tax Law, Article 9, § 191. We do not regard this enactment so far as it embraced receivers, and trustees exercising similar functions, as doing more than to restate the existing law of New York as set forth in Central Trust Co. v. New York C. & N. R. R. Co., 110 N.Y. 250, 18 N.E. 92, 1 L.R.A. 260.

 It is apparent from the foregoing that both under the law of New York State and the provisions of the Act of Congress of June 18, 1934, as interpreted by the Supreme Court, the taxes involved in Order No. 169 were properly payable as expenses of administration.

Order affirmed.