In re FONDA, J. & G. R. CO.

ZIMMER v. NEW YORK STATE TAX COMMISSION.

No. 210.

Circuit Court of Appeals, Second Circuit.

March 10, 1942.

See, also, 126 F.2d 604.

Maider & Maider, of Gloversville, N. Y. (Wesley H. Maider and Lydon F. Maider, both of Gloversville, N. Y., of counsel), for appellee-appellant, Zimmer, Trustee.

John J. Bennett, Jr., Atty. Gen. (Henry Epstein, Sol. Gen., and Timothy F. Cohan and Edward J. Grogan, Jr., Asst. Attys. Gen., of counsel), for appellant-appellee, New York State Tax Commission.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Franchise taxes are here involved that cover a period subsequent to the making of the order of April 20, 1933, approving the petition of the Fonda, Johnstown & Gloversville Railroad Company for reorganization under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, and prior to the passage of the Act of Congress that went into effect June 18, 1934. Section 124a U.S.C.A. Title 28. The question of the trustee's liability under the New York law for franchise taxes accruing during the pendency of this proceeding either before or after June 18, 1934, is dealt·with in our opinion, 126 F.2d 604, filed herewith, on the appeal from Order No. 169. For the reasons there given the franchise taxes, claimed by the State of New York, involved in the present appeal should be allowed and paid by the trustee as part of the expenses of administration.

We think that irrespective of the Act of Congress effective June 18, 1934, a trustee in a proceeding for reorganization under Section 77 was liable under New York law for franchise taxes accruing under Sections 183 and 184 of the Tax Law. Central Trust Co. v. New York C. & N. R. R. Co., 110 N.Y. 250, 18 N.E. 92, 1 L.R.A. 260; Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108; Thompson v. State of Arkansas, 8 Cir., 98 F.2d 112.

Order No. 168 is accordingly reversed in so far as it expunged and disallowed the claim of the State of New York for franchise taxes amounting to $3,106.20 and also its claim for such taxes amounting to $1,883.55, but is otherwise affirmed.